IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIM M. PECKEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-433 |
| BANK OF AMERICA, N.A., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

At a Motions Hearing conducted on October 28, 2016, this Court granted summary judgment in favor of all remaining defendants on plaintiff's claims for mental and emotional distress damages. (ECF No. 107.) This ruling was confirmed by written Order dated October 28, 2016. (ECF No. 108, ¶ 8.) Now pending before the Court is Plaintiff Jim Peckey's Motion to Reconsider ("Plaintiff's Motion"). (ECF No. 110.) By Letter Order dated November 15, 2016, the parties were directed to comply with an expedited briefing schedule on this matter. (ECF No. 111.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiff's Motion (ECF No. 110) is DENIED.

## BACKGROUND

The facts of this case were set forth in this Court's Memorandum Opinion of April 10, 2015, and supplemented on the record on October 28, 2016. (ECF Nos. 35, 107.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has not enunciated the precise standard that should govern a motion for reconsideration of an interlocutory order under Rule 54(b). *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). In *Fayettville*, the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54," but suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. *Id.* at 1470. Thus, the court's analysis is guided by Rule 60(b) but is not bound by its strictures. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.").

Under Rule 60(b), this Court has discretion to relieve plaintiff from a final order when any of the following can be shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on

an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## ANALYSIS

Plaintiff urges the Court to reconsider its grant of partial summary judgment in favor of defendants on the basis that plaintiff would be entitled to recover mental and emotional distress damages under surviving Counts IV (Negligence), VII (FDCPA), and X (FDCPA). (ECF No. 110-1 at 2.)

While the Court does not disagree with plaintiff's statement of the law, the Court granted summary judgment on these damages claims on account of plaintiff's failure to raise a genuine issue of material fact which could be submitted to the jury. That is, even if plaintiff properly pled his claims for mental and emotional distress damages *in his Second Amended Complaint*—a proposition of which this Court is not entirely convinced—the Fourth Circuit has explained that:

> "**An award of compensatory emotional distress damages requires evidence 'establish[ing] that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated;** neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a ... violation occurred supports an award of compensatory damages.' **A plaintiff's own conclusory allegations that he felt 'embarrassed,' 'degraded,' or 'devastated,' and suffered a loss of self-esteem, will not suffice to create a disputed issue of material fact for the jury regarding the presence of compensable emotional distress.** Where, on the other hand, a plaintiff can produce evidence that emotional distress caused chest pains and heart palpitations, leading to medical and psychological treatment which included a formal diagnosis of major depressive disorder, as

3

well as necessitated prescription medication, it is clear that some amount of compensatory damages for emotional distress is warranted."

*Doe v. Chao*, 306 F.3d 170, 180 (4th Cir. 2002) (emphasis added) (internal citations omitted), *aff'd*, 540 U.S. 614, 124 S. Ct. 1204, 157 L. Ed. 2d 1122 (2004). This Court has applied the lessons of *Chao* in the context of FDCPA violations. *Dorris v. Accounts Receivable Mgmt., Inc.*, No. CIV.A. GLR-11-3453, 2013 WL 1209629, at *7 (D. Md. Mar. 22, 2013).

While Plaintiff's Motion cites pertinent case law and refers to portions of his Second Amended Complaint which *may allege* mental and emotional distress damages, plaintiff, as in his opposition briefs to defendants' motions for summary judgment, points to no *evidence of* such damages to "create a disputed issue of material fact for the jury regarding the presence of compensable emotional distress." *Chao*, 306 F.3d at 180. *See* ECF No. 95 at 23; ECF No. 96 at 9.[1] Thus, plaintiff has failed to demonstrate a basis for reconsideration of the Court's grant of partial summary judgment, and Plaintiff's Motion is DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that plaintiff Jim Peckey's Motion to Reconsider (ECF No. 110) is DENIED.

Dated: November 28, 2016

_____
Richard D. Bennett
United States District Judge

---

[1] Indeed, the only support which plaintiff offers for an award of mental and emotional distress damages in the hundreds of pages of summary judgment briefing is his own assertion that "Mr. Peckey has suffered personal humiliation, embarrassment, mental anguish loss of sleep, and emotional distress." (ECF No. 80 at ¶ 123.)

4